UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

Eastern District of Kentucky
**FILED**

SEP 02 2021

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES OF AMERICA

V.    SECOND SUPERSEDING INDICTMENT NO. 21-CR-046-SS-DCR

**DEMETRIUS BURT CATCHING and
WILLIAM RAY HARGIS**

\* \* \* \* \*

**THE GRAND JURY CHARGES:**

## COUNT 1
### 21 U.S.C. § 841(a)(1)

Beginning on or about August 1, 2020, the exact date unknown, and continuing through on or about March 24, 2021, in Jessamine County, in the Eastern District of Kentucky, and elsewhere,

**DEMETRIUS BURT CATCHING**

did knowingly and intentionally distribute 50 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 2
### 18 U.S.C. § 1956(h)

From on or about August 1, 2020, the exact date unknown, and continuing through on or about March 24, 2021, in Jessamine County, in the Eastern District of Kentucky,

and elsewhere,

## DEMETRIUS BURT CATCHING and
## WILLIAM R. HARGIS

did knowingly combine, conspire and agree with each and others to commit offenses against the United States in violation of 18 U.S.C. §§ 1956 and 1957, to wit: to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, which involved the proceeds of a specified unlawful activity, that is the distribution of controlled substances with the intent to promote the carrying on of specified unlawful activity, that is the distribution of controlled substances, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(A)(i); to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is, the distribution of controlled substances, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of the distribution of controlled substances, and that while conducing and attempting to conduct such financial transactions, knew that the properly involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956 (a)(1)(B)(i); and to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds specified unlawful activity, that is, the distribution of controlled substances, knowing

that the transactions were designed in while and in part to avoid transaction reporting requirement under Federal law, and that while conducting attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18 U.S.C. § 1956(a)(1)(B) (ii),

## MANNER AND MEANS

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following.

    a.    The Defendant agreed with R.C. and to submit cash proceeds from the distribution of controlled substances in an amount less than $10,000 to place wagers and bets at casinos to avoid transaction reporting requirements under Federal Law.

    b.    The Defendant agreed with W.T. others to submit cash proceeds from the distribution-controlled substances in the form of wagers and bets at casinos from which the Defendant had been banned to conceal and disguise the nature, location, source, and ownership of eh cash proceeds.

    c.    The Defendant agreed with others to submit cash proceeds from the distribution of controlled substances back across state lines to promote and acquire more controlled substances for distribution.

all in violation of 18 U.S.C. § 1956(h).

## FORFEITURE ALLEGATION
## 21 U.S.C. § 853

In committing the felony offense alleged in Count 1 of this Indictment, the same

being punishable by imprisonment for more than one year, **DEMETRIUS BURT CATCHING** used and intended to use the below-described property to commit and to facilitate the commission of the said controlled substance violation, and the below-described property constitutes proceeds obtained directly and indirectly as a result of the commission of the aforesaid violations of 21 U.S.C. § 841(a)(1), including, but not limited to:

### FINANCIAL ACCOUNTS:

1) All funds in Farmer's Bank Account # 682436 in the name of Catchings Carpet Cleaning, LLC/Demetrius Catching;
2) All funds in Farmer's Bank Account #68205 in the name of Demetrius Catching;
3) All funds in Farmer's Bank Account # 10290756 in the name of Demetrius Catching;
4) All funds in Farmer's Bank Account # 10291262 in the name of Catchings Carpet Cleaning LLC/Demetrius Catching;
5) All funds in Fifth Third Bank Account # 7932870616 in the name of Demetrius Catching;
6) All funds in Fifth Third Bank Account # 1581 in the name of Demetrius Catching;
7) All funds in Member's Heritage Bank Account # 32017088 in the name of Catching Carpet Cleaning LLC;
8) All funds in Member's Heritage Bank Account # 32017018 in the name of D B Catching;

By virtue of the commission of the felony offenses charged in this Indictment, any and all interest **DEMETRIUS BURT CATCHING** has in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 21 U.S.C. § 853.

A TRUE BILL

_____
FOREPERSON

_/s/ Carlton S. Shier_____
**CARLTON S. SHIER, IV**
**ACTING UNITED STATES ATTORNEY**

## **PENALTIES**

**COUNT 1:**  Not more than 20 years imprisonment, not more than a $1,000,000 fine, and at least 3 years supervised release.

### IF PRIOR FELONY DRUG CONVICTION:

Not more than 30 years imprisonment, a $2,000,000 fine, and not less than 6 years supervised release.

**COUNT 2:**  Not more than 20 years imprisonment, not more than a fine of $500,000 or twice the value of the property involved in the transaction, whichever is greater, and not more than 3 years supervised release.

**PLUS:**  Mandatory special assessment of $100 per count.

**PLUS:**  Forfeiture of listed items.